UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD KATZMAN, <br><br> Plaintiff, <br> v. <br><br> LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, a special district, <br><br> Defendant. | Case No.: 13-CV-00438-LHK <br><br> ORDER REQUESTING CLARIFICATION |

At the January 12, 2015 hearing in this matter, counsel for Plaintiff stated that the Court had dismissed some of Plaintiff's claims on summary judgment due to "lack of evidence." Jan. 12, 2015 Hr'g Tr. 14:6-:9 ("And, you know, we have a situation where we had claims dismissed for lack of evidence and we—you know, we—you know, we asked them, is there any evidence of this and they said no."). Plaintiff's counsel also raised the prospect of "asking the Court to reopen claims" based on documents recently produced by Defendant. *Id.* at 15:2-:3. The Court requests clarification as to the statements of Plaintiff's counsel.

In this Court's order denying Plaintiff's motion for summary judgment, and denying in part and granting in part Defendant's motion for summary judgment, the Court granted Defendant summary judgment on three of Plaintiff's claims as a matter of law. *See* ECF No. 81 ("Order"). The Court addresses each in turn.

1

First, the Court granted Defendant's motion on Plaintiff's claim under the Equal Protection Clause of the U.S. Constitution. Order at 19-20. In his Complaint, Plaintiff brought an action under 42 U.S.C. § 1983, alleging that Defendant excluded Plaintiff from a pension increase granted to all other of Defendant's similarly-situated employees, and therefore violated Plaintiff's equal protection rights. Compl. ¶¶ 19, 28-30. The Court granted Defendant's motion on the grounds that in the public employment context, where a public employee asserts that he or she was arbitrarily treated differently from other similarly-situated employees (a so-called "class-of-one" theory), but fails to assert that the different treatment was based on the employee's membership in a protected class, that claim cannot be brought under the Equal Protection Clause, pursuant to established U.S. Supreme Court precedent. Order at 20 (citing *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 594 (2008) ("[T]he class-of-one theory of equal protection—which presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review—is simply a poor fit in the public employment context.")); *id.* (citing *Okwu v. McKim*, 682 F.3d 841, 846 (9th Cir. 2012) ("class of one" theory is not available in the public employment context)). Accordingly, the Court granted Defendant's motion because Plaintiff's claim was legally barred.[1] *Id.*

Second, the Court granted Defendant's motion for summary judgment as to Plaintiff's claim for conspiracy to violate the Equal Protection Clause. *Id.* In his Complaint, Plaintiff brought a separate § 1983 claim alleging that Defendant conspired with the County of Los Angeles to deny Plaintiff a pension increase that was granted to other similarly-situated employees, and that Defendant therefore conspired to violate Plaintiff's equal protection rights. Compl. ¶¶ 19, 32-34. Conspiracy is not itself a constitutional tort under § 1983. Order at 21 (citing *Lacy v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012)). Therefore, to assert a valid §1983 conspiracy claim, there must be an underlying Constitutional violation. *Id.* The Court then held that because

---

[1] The Court also noted in granting Defendant's motion that "there is an absence of any evidence to support Plaintiff's claim." Order at 20. This was an allusion to the fact that Plaintiff's opposition "fails to respond to Defendant's motion as to this claim" and that Plaintiff failed to "identify any evidence in the record that would suggest a genuine issue of material fact." *Id.* However, the dispositive factor in dismissing Plaintiff's equal protection claim was that Plaintiff's "class of one" equal protection claim was legally precluded. *See id.* ("a 'class of one' claim is barred in the public employment context.")

2

Case No.: 13-CV-00438-LHK
ORDER REQUESTING CLARIFICATION

Plaintiff's claim under the Equal Protection Clause was precluded as a matter of law, Plaintiff's claim alleging conspiracy to violate his rights under the Equal Protection Clause was also "legally precluded." *Id.* (citing *Cassettari v. County of Nevada*, 824 F.2d 735, 739 (9th Cir. 1987)).

Finally, the Court granted Defendant's motion for summary judgment as to Plaintiff's claim under the Impairments Clause of the U.S. and California Constitutions. In his Complaint, Plaintiff contended that Defendant enacted its bi-annual audit procedure after Plaintiff's pension had vested, thereby modifying Plaintiff's pension contract in violation of the Impairments Clause. Compl. ¶¶ 35-40. The Court held that a claim under the Impairments Clause of both the U.S. and California Constitutions was viable only if there had been a "substantial impairment" of the contract at issue. Order at 23 (citing *Energy Reserves Group, Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 410 (1983)). Without "substantial impairment," a claim brought pursuant to the Impairments Clause cannot survive. *Id.* (citing *Allied Structural Steel v. Spannaus*, 438 U.S. 234, 245 (1978)). The Court further held that, even accepting Plaintiff's version of the facts as true, Defendant's bi-annual audit policy required pension recipients, once every two years, to pay a maximum of ten dollars to have the Defendant's pension audit form notarized. *Id.* at 24. The Court then held that "[r]equiring pensioners to pay, at most, [ten dollars] every two years does not deprive a pensioner of an important right, defeat a pensioner's reasonable expectation of receiving a pension, or otherwise substantially impair the contractual relationship between Defendant and its pensioners." *Id.* Therefore, the Court dismissed Plaintiff's claim under the Impairments Clause because it was legally insufficient, not for lack of evidence. *See, e.g.*, *id.* at 25 ("Defendant's bi-annual audit procedure does not substantially impair Defendant's contractual relationship with its pensioners.")

Plaintiff shall respond to this Order at the next status conference.

**IT IS SO ORDERED.**

Dated: January 13, 2015

_____
LUCY H. KOH
United States District Judge

3

Case No.: 13-CV-00438-LHK
ORDER REQUESTING CLARIFICATION