1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11  RICHARD KATZMAN,                      )   No.: 13-CV-00438 LHK
                                          )
12              Plaintiff,                )   FINAL JURY INSTRUCTIONS
                                          )   (ANNOTATED)
13        v.                              )
                                          )
14  LOS ANGELES COUNTY METROPOLITAN       )
    TRANSPORTATION AUTHORITY,             )
15  a special district,                   )
                                          )
16              Defendant.                )
                                          )
17  _____)

18

19

20

21

22  Dated: April 23, 2015              *Lucy H. Koh*

23                                     LUCY H. KOH
                                       United States District Judge
24

25

26

27

28

1

# 1. DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and will hear the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1C (2007 Edition)

United States District Court
For the Northern District of California

1

## 2. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.3 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

### 3. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition)

United States District Court
For the Northern District of California

**4. WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

**5. DIRECT OR CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

# 6. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

> (1) the opportunity and ability of the witness to see or hear or know the things testified to;
>
> (2) the witness's memory;
>
> (3) the witness's manner while testifying;
>
> (4) the witness's interest in the outcome of the case and any bias or prejudice;
>
> (5) whether other evidence contradicted the witness's testimony;
>
> (6) the reasonableness of the witness's testimony in light of all the evidence; and
>
> (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

## 7. NOTES

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.14 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

**United States District Court**
For the Northern District of California

# 8. DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

        The nature and extent of the injuries;

        The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; and

        The reasonable value of earnings lost to the present time.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:** Ninth Circuit Model Civil Jury Instructions – 5.1-5.2 (2007 Edition); Joint Proposed Jury Instruction No. 8

United States District Court
For the Northern District of California

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

# 9. DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

      1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

      2.     the amount by which damages would have been mitigated.

**Source:** Ninth Circuit Model Civil Jury Instructions – 5.3 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

1

**10. NOMINAL DAMAGES**

2

The law which applies to this case authorizes an award of nominal damages for each cause of
action.  For any cause of action, if you find for the plaintiff on a cause of action but you find that
the plaintiff has failed to prove damages as defined in these instructions, you must award nominal
damages.  Nominal damages for each cause of action may not exceed one dollar.

3

4

5

6

**Source:** Ninth Circuit Model Civil Jury Instructions – 5.6 (2007 Edition) (modified)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1

## 11. SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

2

3

The plaintiff brings two claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

4

5

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.1 (2007 Edition) (modified)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1

## 12. SECTION 1983 CLAIM—ELEMENTS AND BURDEN OF PROOF

2

3

In order to prevail on a § 1983 claim against the defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

4

    1.     the defendant acted under color of law; and

5

6

    2.     the acts of the defendant deprived the plaintiff of his particular rights under the Fourteenth Amendment of the United States Constitution as explained in later instructions.

7

8

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

9

10

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.2 (2007 Edition) (modified)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

1

### 13. SECTION 1983 CLAIM—DEPRIVATION OF DUE PROCESS

2

3

Under the Fourteenth Amendment to the United States Constitution, a public entity such as the defendant, the Los Angeles County Metropolitan Transportation Authority, may not deprive a person of a property right without due process of law.

4

5

6

In order to prove that the plaintiff was deprived of a property right without due process of law, the plaintiff must prove by a preponderance of the evidence that the defendant did not provide an adequate procedure in connection with the suspension of plaintiff's pension payments.  In determining whether the defendant provided an adequate procedure, you must consider the following:

7

> (1) the extent of the plaintiff's private interest in the uninterrupted payment of his pension;

8

9

> (2) the risk that the defendant's existing procedures will erroneously deprive a pension recipient of his or her pension, and the probable value, if any, of additional or substitute procedural safeguards; and

10

11

> (3) the defendant's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

12

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.4 (2007 Edition) (modified); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); Joint Proposed Jury Instruction No. 13 (modified)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**14. SECTION 1983 CLAIM—DEPRIVATION OF EQUAL PROTECTION**

Under the Fourteenth Amendment of the United States Constitution, a public entity such as the defendant, the Los Angeles County Metropolitan Transportation Authority, may not deny a person the equal protection of the law.

In this case, the plaintiff asserts a type of Equal Protection claim known as a "class of one" Equal Protection claim.  To establish a violation of the Equal Protection Clause of the Fourteenth Amendment on the basis of a "class of one" theory, the plaintiff must demonstrate each of the following three elements:

> (1) that the defendant treated the plaintiff differently than others similarly situated to the plaintiff;

> (2) that the defendant did so intentionally; and

> (3) that the defendant's different treatment of the plaintiff was without a rational basis.

**Source:** Ninth Circuit Model Civil Jury Instructions – 9.4 (2007 Edition) (modified); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011); Joint Proposed Final Jury Instruction No. 14 (modified)

**15. DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.1 (2007 Edition)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 16. CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.1A (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

## 17. COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.2 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)

United States District Court
For the Northern District of California

**18. RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:** Ninth Circuit Model Civil Jury Instructions – 3.3 (2007 Edition)

Case No.: 13-CV-00438 LHK
FINAL JURY INSTRUCTIONS (ANNOTATED)